IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DELWIN T. COOPER,

        Plaintiff,

vs.                          Case No. 20-3009-SAC

RON BAKER,
TIMOTHY STUTZMAN,
RHONDA MUNDAY, and
CORE CIVIC DETENTION CENTER,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging that his constitutional rights were violated while he was an inmate at the Core Civic detention facility in Leavenworth, Kansas. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

Plaintiff brings this case pursuant to 42 U.S.C. § 1983, for which the court has jurisdiction under 42 U.S.C. § 1343. He also claims jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332, and the supplemental jurisdiction statute, 28 U.S.C. § 1367. Plaintiff, however, does not allege facts as to the citizenship of the parties to support diversity jurisdiction.[1] And

---

[1] To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, the court must look at the face of the complaint. Plaintiff must allege facts essential to show jurisdiction.

supplemental jurisdiction over state law claims is generally not exercised if a plaintiff's federal claims are dismissed for failure to state claim.  Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998).  As explained below, the court believes plaintiff has failed to state a claim for relief under federal law.

## I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine

---

Penteco Corp. Ltd. Partnership v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).

whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. <u>Walker v. Mohiuddin</u>, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting <u>Pahls v. Thomas</u>, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

<u>Id.</u> at 1249-50 (quoting <u>Pahls</u>); see also, <u>Robbins v. State of Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. <u>Complaint</u>

Plaintiff alleges that he was in the restricted housing unit at the Core Civic detention center in Leavenworth, Kansas when multiple inmates flooded the area with water and soap which made the floor slippery. The prison administration turned off the water and started cleaning it up. There was water in plaintiff's cell, although he was not responsible for causing the problem. Plaintiff was removed from his cell so the floor could be dried. About ten minutes later, there was a fire drill and inmates in restricted housing were placed in restraints and escorted to the rec area. Plaintiff was cuffed and taken outside in only his boxers. One or two inmates fell and some staff slipped because of the slick conditions. After 20 minutes plaintiff was escorted back to his

cell even though it still had water on the floor.  When plaintiff entered his cell, he slipped and fell on his back and shoulder.

Some nurses attended to plaintiff in his cell.  Plaintiff noted that he was already receiving medication for his back and shoulder.  He complained of sharp pain and was told to put in for sick call and they would see about his medication.  The pain increased and plaintiff began yelling that he needed medical help and needed his cuffs taken off.  The cuffs were not taken off because, one officer explained, it was count time.  A Captain Perrin then attended to plaintiff, took off his cuffs, and took plaintiff for medical attention.  Plaintiff was examined and sent to the hospital for an x-ray.  The x-ray did not show any broken bones.  Plaintiff was diagnosed with "deep bone intusions."[2]  Doc. No. 1, p. 4.

Plaintiff names the following persons as defendants:  Ron Baker, the warden of the facility; Timothy Stutzman, the chief of security; Rhonda Munday, a nurse; and Core Civic, as a corporation.

Plaintiff's complaint lists two counts.  Count I alleges a violation of the Eighth Amendment and Count II alleges a violation of the Due Process Clause because of the denial of medical care. Neither count identifies what each specific defendant did to

---

[2] Perhaps plaintiff means "contusions."

violate plaintiff's constitutional rights. The complaint also mentions negligence.

III. <u>Screening</u>

 A. <u>The court assumes that defendants acted under color of state law for purposes of § 1983.</u>

 "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)(emphasis added). The court is aware that the Core Civic detention center in Leavenworth, Kansas houses federal prisoners and some state prisoners. Here it is not clear if plaintiff was a state or federal prisoner.

 The court shall assume that plaintiff was a state prisoner during the events described in the complaint because plaintiff's current address appears to be a Missouri state detention facility and because the Kansas Department of Corrections shows that plaintiff previously was a State of Kansas inmate. If Core Civic was incarcerating plaintiff for a state government, then it was operating "under color of state law" for purposes of 42 U.S.C. § 1983. See <u>West</u>, 487 U.S. at 54-57 (private physician contracted by a state to provide care to state prisoners acted under color of state law); see also <u>Phillips v. Tiona</u>, 508 Fed.Appx. 737, 750 (10th Cir. 2013)(assuming private prison employees housing state

6

prisoners act under color of state law, citing other cases); Craft v. Middleton, 524 Fed.Appx. 395, 397 n.3 (10th Cir. 2013)(same).

B. The complaint fails to allege supervisory defendants' personal participation in actions which violate § 1983.

A plaintiff may not seek to impose liability upon a defendant merely because of that person's supervisory position. Individual liability for a § 1983 violation requires personal involvement in the alleged constitutional violation. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 768 (10th Cir. 2013). To properly allege the liability of supervisor defendants, plaintiff must describe an affirmative link between them and the alleged constitutional violation. Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). This requires allegations of: a) a personal involvement in the violation; b) a sufficient causal connection between the supervisor's involvement and the constitutional violation; and c) a culpable state of mind. Id. "Personal involvement" can be alleged by stating that: 1) the supervisor personally participated in the alleged violation; 2) the supervisor exercised control or direction over the alleged illegal acts, or the supervisor's failure to supervise caused the alleged illegal acts; 3) the supervisor knew of the violation and acquiesced in its continuance; or 4) the supervisor promulgated, created, implemented or utilized a policy that caused the alleged deprivation of constitutional rights. Id. A "causal connection"

7

is alleged by claiming that a supervisor defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive plaintiff of her constitutional rights.

Plaintiff's complaint makes no specific allegations regarding defendant Baker which show a personal involvement in the events in question, that defendant Baker did something to cause plaintiff's injuries, or that Baker had a culpable state of mind.   The allegations regarding defendant Stutzman are slightly more detailed in that plaintiff alleges Stutzman entered the unit and began cleaning up water.   But, these allegations are still insufficient to describe personal involvement in a constitutional violation.

C. The complaint fails to allege a claim against Core Civic.

Core Civic may not be held liable under § 1983 based on respondeat superior – that is, solely because it employs a person who was negligent or violated plaintiff's constitutional rights. See Rascon v. Douglas, 718 F. App'x 587, 589-90 (10th Cir. 2017); Green v Denning, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012)(applying principle to prison health contractor); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)(recognizing that many courts have applied this doctrine to private § 1983 defendants).   In order to establish the plausible liability of Core Civic under § 1983, there must be allegations

that its policies caused a constitutional violation. Spurlock v. Townes, 661 F. App'x 536, 545 (10th Cir. 2016); Livingston v. Correct Care Solutions, 2008 WL 1808340 *1-2 (D.Kan. 4/17/2008); Alvarez-Florez v. Shelton, 2007 WL 2461619 *1 (D.Kan. 8/23/2007). There are no such allegations in the amended complaint.

   D. Negligence is not sufficient for a § 1983 claim.

   Plaintiff alleges negligence and "more than mere" negligence. Doc. No. 1, p. 4.   Negligence is carelessness or an absence of reasonable care.   A claim of a § 1983 violation cannot be predicated upon negligence.   Jones v. Salt Lake County, 503 F.3d 1147, 1162-63 (10th Cir. 2007); Inman v. Stock, 248 Fed.Appx. 892, 895 (10th Cir. 2007)(medical negligence – delayed exam of broken hand - is not sufficient); Perkins v. Kan. Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(negligence insufficient to allege an Eighth Amendment violation under § 1983).

   E. The complaint does not state a plausible Eighth Amendment claim.

   In general, a prisoner may demonstrate a violation of the Eighth Amendment with respect to conditions of confinement if he shows that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety.   Farmer v. Brennan, 511 U.S. 825, 832 & 834 (1994).   The prisoner must show that the deprivation was sufficiently serious that the conditions posed a

substantial risk of serious harm and that the defendants acted with deliberate indifference, i.e., that the prison officials knew of or disregarded a substantial risk of serious harm by failing to take reasonable measures to abate it. Id. at 847.

As regards the slippery floor, plaintiff has not alleged facts showing that danger from the slick floor constituted a substantial risk of serious harm. The Tenth Circuit and other federal circuit appeals courts have determined that a slippery prison floor does not constitute a substantial risk of serious harm for Eighth Amendment purposes in part because it is a "daily risk faced by members of the public at large." Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004); Flandro v. Salt Lake County Jail, 53 Fed.Appx. 499, 500-01 (10th Cir. 2002); see also, Coleman v. Sweetin, 745 F.3d 756, 764-65 (5th Cir. 2014); Pyles v. Fahim, 771 F.3d 403, 410-11 (7th Cir. 2014); Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

As regards any delay in providing medical care, plaintiff must allege facts showing the defendants knew plaintiff "faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer, 511 U.S. at 847). A disagreement between an inmate and medical personnel over the course of treatment does not give rise to a deliberate indifference claim. Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010).

Furthermore, "a delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001)). "The substantial harm requirement can 'be satisfied by lifelong handicap, permanent loss or considerable pain.'" Id. (quoting Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff alleges generally that defendant Munday refused to give him care. But, he does not allege facts which specifically describe what she did or refused to do. He claims that he was seen by medical personnel after his fall, but he was told to put in for sick call and that his medication would be checked later.[3] After an unspecified amount of time passed, and after the pain increased, plaintiff objected and said he needed medical help. Then, with Captain Perrin's direction, plaintiff received assistance and was taken to a hospital for an x-ray and recommended for "an mri, physical therapy and medications."

These facts do not describe deliberate indifference to a substantial risk of harm by defendant Munday who apparently asked plaintiff to put in for sick call and checked on plaintiff while

---

[3] Plaintiff alleged that he was already taking some medications for his back and shoulder before he slipped.

plaintiff felt sharp pains, but before the pain increased to the point that plaintiff called or yelled for help.[4]

IV. <u>Motion to proceed in forma pauperis</u>

Plaintiff must pay the full $350.00 filing fee in this civil action.  See 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal <u>in forma pauperis</u> is required to pay the full filing fee).  If granted leave to proceed <u>in forma pauperis</u>, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in § 1915(b)(2).  Pursuant to § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the filing date of a civil action.  Having considered the financial records provided to the court (Doc. No. 4-1), the court shall grant plaintiff <u>in forma pauperis</u> status and direct that plaintiff pay a partial fee of $6.50.  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit

---

[4] If plaintiff was a pretrial detainee protected under the Due Process Clause rather than the Eighth Amendment, then he must at least allege facts showing that his care was objectively in reckless disregard to a substantial risk of harm. See <u>Khan v. Barela</u>, 2020 WL 1488762 * 5 n.8 (10th Cir. 3/26/2020). Plaintiff fails to do so in his original complaint and describes no other grounds for finding a violation of the Due Process Clause.

the fee to the court.   Failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.   After payment of the initial partial filing fee, plaintiff shall be required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account.   The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid.

V. Conclusion

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 4) is granted.   Plaintiff is directed to submit an initial partial filing fee of $6.50 to the Clerk of the Court by May 13, 2020.   Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).   The court believes that the complaint fails to state a federal claim for relief.   The court shall direct that plaintiff by May 13, 2020 show cause why plaintiff's federal claims should not be dismissed as explained in this order.   In the alternative, plaintiff may file an amended complaint by May 13, 2020 which corrects the deficiencies discussed herein.   An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.   An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2020, at Topeka, Kansas.


s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge